```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
FRANCINE CIVELLO, individually and  :
on behalf of all others similarly   :
situated,                           :
                                    :
                Plaintiff,          :
                                    :   20 Civ. 1173 (VM)
    - against -                     :
                                    :
CONOPCO, Inc.,                      :   DECISION AND ORDER
                                    :
                Defendant.          :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/3/21

**VICTOR MARRERO, United States District Judge.**

Plaintiff Francine Civello ("Civello"), individually and on behalf of all others similarly situated, brings this action against Conopco, Inc. ("Conopco") alleging that the labeling on Conopco's Breyers Delight Vanilla Bean Ice Cream (the "Product") was materially misleading. Civello asserts eight causes of action on behalf of the putative class: (1) violation of the New York General Business Law ("NY GBL") Section 349; (2) violation of NY GBL Section 350; (3) negligent misrepresentation; (4) breach of express warranty; (5) breach of implied warranty of merchantability; (6) violation of the Magnuson Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, *et seq.*; (7) fraud; and (8) unjust enrichment.

Now before the Court is Conopco's premotion letter for dismissal of the Second Amended Complaint (see "Motion," Dkt. No. 13 at 1-2), which the Court construes as a motion by

1

Conopco to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure ("Federal Rule") 12(b)(6).[1] For the reasons discussed below, Conopco's Motion is GRANTED.

## I.   BACKGROUND

A.   Facts and Procedural Background[2]

Civello is a citizen of New York who purchased the Product in New York. The Product is labeled with representations that include the words "Vanilla Bean," artistic renderings of vanilla orchid plants, a representation that the Product is "made with real vanilla beans," and a "Breyers Pledge" which states "our vanilla and fruit are real and sustainably farmed." (SAC ¶ 4.) Civello contends, on behalf of herself and the putative class, that this labeling is misleading because the Product uses "exhausted" vanilla beans which provide no vanilla flavor to the product, and instead are present in the Product for purely aesthetic purposes. (SAC ¶¶ 22, 30.)

---

[1] See Kapitalforeningen Lægernes Invest. v. United Techs. Corp., 779 F. App'x 69, 70 (2d Cir. 2019) (affirming the district court ruling deeming an exchange of letters as a motion to dismiss).

[2] The factual background below, except as otherwise noted, derives from the Second Amended Complaint ("SAC," see Dkt. No. 10) and the facts pleaded therein, which the Court accepts as true for the purposes of ruling on a motion to dismiss. See Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 180 (2d Cir. 2008) (citing GICC Capital Corp. v. Tech. Fin. Grp., Inc., 67 F.3d 463, 465 (2d Cir. 1995)); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Except when specifically quoted, no further citation will be made to the SAC or the documents referred to therein.

Civello further alleges that the Product is not flavored by "authentic" vanilla, or the vanilla flavor extracted from the tropical orchid of the genus Vanilla (*V. planifolia*). Instead, Civello alleges Conopco achieves a vanilla flavor through a series of artificial substances, such as ethyl vanillin, vanillin, and maltol. As proof for this allegation, Civello describes the results of a chemical analysis of the Product. Civello contends the laboratory report shows that only trace amounts of authentic vanilla are contained within the Product and comparably larger amounts of vanillin are used. The ingredient list on the back of the Product's packaging does not list either vanilla or vanillin as an ingredient. Instead, the Product represents that it contains "Natural Flavors." Civello contends this labeling is misleading and in violation of federal labeling laws.

Finally, Civello alleges that because the Product relies on artificial compounds to imitate vanilla flavor the Product "lacks the complexity and flavor notes associated with vanilla." (SAC ¶ 68.)

Civello filed the initial Complaint in this action on February 10, 2020. (Dkt. No. 1.) Civello amended the complaint

3

on December 16, 2020. (Dkt. No. 7.) Civello again amended the complaint on January 11, 2021. (See SAC.)

B.  The Motion

Shortly after Civello filed the Second Amended Complaint, Conopco, by letter, moved to dismiss the Amended Complaint. (See Motion.) This Motion followed an exchange of letter correspondence between the parties, in accordance with the Court's individual practices, including Conopco's letter dated February 10, 2021 (see "Conopco Ltr.", Dkt No. 13 at 3-6), and Civello's response dated February 17, 2021. (See "Civello Ltr.", Dkt. No. 14 at 7-11.) Conopco argues that the Amended Complaint should be dismissed because: (1) Civello has not plausibly pled that the labeling of the Product is misleading; (2) the claims are preempted by federal regulation; (3) Civello's factual allegations are without plausible basis; (4) Civello has no standing to seek injunctive relief; and (5) Civello's common law claims all fail as a matter of law. (Conopco Ltr.)

Civello responded that: (1) she has adequately pled the Product's label is materially misleading and she does not seek to privately enforce the Federal Food, Drug, and Cosmetic Act("FD&C Act"); (2) any dispute on the factual allegations should be resolved in discovery; (3) there is no express preemption by FDA food labeling standards (4) she has standing

4

because she seeks injunctive relief; (5) the common law claims are all plausibly pled. (Civello Ltr.)

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint should be dismissed if the plaintiff has not offered factual allegations sufficient to render the claims facially plausible. See id. However, a court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In resolving a motion to dismiss, the Court's task is "to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." In re Initial Pub. Offering Sec. Litig., 383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005) (internal quotation marks omitted), aff'd sub nom. Tenney v. Credit Suisse First Bos. Corp., No. 05 Civ. 3430, 2006 WL 1423785 (2d Cir. May

19, 2006). In this context, the Court must draw reasonable inferences in favor of the nonmoving party. See Chambers v. TimeWarner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). However, the requirement that a court accept the factual allegations in the complaint as true does not extend to legal conclusions. See Iqbal, 556 U.S. at 678.

### III. DISCUSSION

A. Actionability of Civello's Claims

Civello brings eight causes of action on behalf of herself and the putative class, all premised on the same contention: Conopco's labeling of the Product is materially misleading. Thus, if Conopco's Product does not misrepresent the contents of the container as a matter of law, all of Civello's claims must be dismissed.

"It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." Fink v. Time Warner Cable, 714 F.3d 739, 741 (2d Cir. 2013). "Courts view each allegedly misleading statement in light of its context on the product label or advertisement as a whole." Wurtzburger v. Ky. Fried Chicken, No. 16 Civ. 08186, 2017 WL 6416296, at *3 (S.D.N.Y. Dec. 13, 2017) (internal quotation marks omitted); see also Fink, 714 F.3d at 742 ("In determining whether a reasonable consumer would have been misled by a

6

particular advertisement, context is crucial."). Determining whether a product label or advertisement is misleading is an "objective" test, and thus liability is "limited to those [representations] likely to mislead a reasonable consumer acting reasonably under the circumstances." Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 647 N.E.2d 741, 745 (N.Y. 1995).

Over the past year or so, there have been a proliferation of cases in this district, and elsewhere, alleging that products labeled "vanilla" in a variety of different contexts are materially misleading. See, e.g., Dashnau v. Unilever Mfg. (US), Inc., --- F. Supp. 3d ----, 2021 WL 1163716, at *1, *3 (S.D.N.Y. Mar. 26, 2021) (collecting cases). Indeed, this Court has already considered one such case. See Cosgrove v. Blue Diamond Growers, No. 19 Civ. 8993, 2020 WL 7211218 (S.D.N.Y. Dec. 7, 2020). The majority of courts have thus far dismissed these claims at the motion to dismiss stage.

But, while many of these cases have been dismissed in a relatively straightforward fashion, as time has passed, courts have encountered more challenging questions regarding "vanilla" product labeling. The increasing complexity of these claims has its origins in the intersection of two competing lines of authority. First, the "through line" of the district court Vanilla Cases is "that the word 'vanilla,'

7

by itself, indicates a flavor, and the labels in question made no representation as to any particular ingredient(s) that were contained in the product or were the source of that flavor in the product." See Budhani, 2021 WL 1104988, at *5. In those cases, as long as the products had the flavor its packaging represented -- vanilla flavor -- no reasonable consumer could be misled by the alleged predominance of artificial vanilla flavorings.

Alternatively, the Second Circuit in Mantikas v. Kellogg Co., along with its progeny, represent a competing line of authority in product labeling cases. In Mantikas, the Second Circuit held that "conspicuous 'WHOLE GRAIN' and 'MADE WITH WHOLE GRAIN' claims on the front and center" of the product at issue "communicates to the reasonable consumer the false message that the grain content of the crackers is exclusively, or at least predominately whole grain." 910 F.3d 633, 638-39 (2d Cir. 2018). Thus, courts have either declined to dismiss or noted the complexity of the claim in cases "where from context or the content of the language on a product label a reasonable consumer could understand that the language was referring to an ingredient." See Budhani, 2021 WL 1104988, at *5; Izquierdo v. Panera Bread Co., 450 F. Supp. 3d 453, 461 (S.D.N.Y. 2020) (holding the presence of artificial blueberries may mislead a reasonable consumer when the

8

product was labelled "blueberry" and appeared to contain blueberry chunks); Sharpe v. A&W Concentrate Co., 481 F. Supp. 3d 94, 102-03 (E.D.N.Y. 2020) (holding the phrase "made with aged vanilla" could mislead a reasonable consumer when the product allegedly contained little to no real vanilla). Thus, when the full context of a product's packaging suggests that representations regarding "vanilla" refer not to the flavor, but to a specific ingredient, these vanilla cases are not so easily dismissed.

Accordingly, the Court first turns to whether the Product's representations, taken in full context, would lead a reasonable consumer to believe they referred to "vanilla bean" flavor or "vanilla bean" as an ingredient. Again, Civello alleges here that (1) the Product is marketed as "vanilla bean" ice cream; (2) the Product contains images of vanilla bean on the front label; (3) the Product website describes it as "made with real vanilla beans;" (4) that the Product's "vanilla and fruit are real and sustainably farmed." (SAC ¶¶ 1-4.) Given these representations, the Court is persuaded that, when taken as a whole, a reasonable consumer would interpret the product's representations as referring to an ingredient, vanilla bean, and not just the vanilla flavor.

First, the Court notes that when a product is labeled "vanilla bean," as opposed to just "vanilla," Civello's argument is "marginally stronger. . . [than] . . . similar arguments in the SDNY Vanilla Cases." Id.; see also Cosgrove, 2020 WL 7211218, at *4 (noting the Court may have come to a different conclusion had the product been labeled with "the words 'vanilla bean' or 'vanilla extract,' . . . 'made with vanilla' or anything similar"). And further, courts in this district have noted when allegations included images of the vanilla bean plant alongside the written representations, that suggested strong context clues that a reasonable consumer might understand the product to contain vanilla beans. See Budhani v. Monster Energy Co., --- F. Supp. 3d ---, 2021 WL 1104988 (S.D.N.Y. Mar. 22, 2021). Finally, and perhaps most importantly, numerous courts have noted the strong effect that using the words "made with" has on a consumer's reasonable expectation. See, e.g., Campbell v. Whole Foods Market Grp., Inc., 516 F. Supp. 3d 370, 383 n. 4 (S.D.N.Y. 2021) ("The absence or presence of the words 'made with' can make a substantial difference where the relevant term is both an ingredient and a flavor. 'Made with' designates a product as an ingredient."). Given that the allegations here contain the words "vanilla bean," pictures of the vanilla bean flower, and uses the words "made with

10

real vanilla," the Court is persuaded a reasonable consumer would understand vanilla bean to be included as an ingredient in the Product.

Thus, at first glance, this case seems to fall closer to the Mantikas line of authority than it does to the district court Vanilla Cases. But this conclusion does not end the analysis. Civello's allegations admit that the Product contains vanilla bean in some amount, whether in solid or liquid extract form. In particular, Civello notes that the black specks in the Product are "exhausted vanilla bean seeds." (SAC ¶ 29.) And, Civello appears to admit, or at least cannot conclusively say, that some non-zero amount of the vanilla flavoring comes from natural vanilla extract sources. (Id. at ¶ 42.) Therefore, even accepting Civello's allegations that the amount of vanilla included is de minimis, and that very little of the Product's vanilla flavor is actually derived from vanilla bean or vanilla extract (as opposed to other natural or artificial vanilla flavor sources), the allegations make clear that the representations regarding the presence of vanilla beans do not constitute an outright falsehood. See Dashnau, 2021 WL 1163716, at *7; Steele, 472 F. Supp. 3d at 50-51; Budhani, 2021 WL 1104988, at *8. Rather, Civello's argument is that the packaging is misleading regarding the amount and purpose of the

11

ingredient. For example, Civello highlights that these exhausted vanilla bean seeds cannot impart real vanilla flavor, and alleges she was misled because of the lack of true vanilla bean flavor.

Unfortunately for Civello, relying on this argument regarding the Product's flavor brings the case back within the central holdings of the numerous district court Vanilla Cases. Central to the Mantikas holding was that the representation regarding whole grain flour was one related predominately to the health benefits of using whole grain flour as opposed to white flour. See 910 F.3d at 638. In other words, the type of flour used in manufacturing the crackers at issue had only a minimal impact on that product's taste. In Mantikas, a reasonable consumer may well have selected the product at issue because of its apparent health benefits due to being made with whole grain flour, as opposed to white flour. Thus, the fact that the product actually contained a majority of white flour, the very ingredient consumers were likely seeking to avoid, rendered the product's labelling misleading. Here, the representation "made with vanilla bean" does not carry the same weight because it does not skew consumers' expectations for a "different, healthier product." Steele, 472 F. Supp. 3d at 50-51; see also Fink, 714 F.3d at 742 ("In determining whether a reasonable consumer would have

12

been misled by a particular advertisement, context is crucial."). Rather, "stating that a[n] [ice cream] is vanilla flavored when it is, even without clarifying the source of the vanilla, does not mislead because reasonable consumers would expect a vanilla taste, and that is exactly what they get." Pichardo, 2020 WL 6323775, at *4; see also Dashnau, 2021 WL 1163716, at *6; Barreto, 2021 WL 76331, at *4; Budhani, 2021 WL 1104988, at *8.

Further, the Court remains skeptical that consumers would find the percentage of vanilla flavor that derives from vanilla bean, as opposed to other natural and artificial sources, to be material. Although Civello provides general allegations that consumers seek to avoid "artificial" flavors and ingredients, it does not follow, and Civello does not allege, that consumers find material the percentage of genuine vanilla bean that contributes to a product's vanilla flavor. And in fact, Civello's own allegations belie the notion it was material to her in particular, as she admits she purchased the product "numerous occasions," despite alleging it "did not taste like vanilla." (SAC ¶¶ 86, 88.) Had the product not tasted like vanilla, and had that fact been material to her purchasing decisions, it is not apparent why Civello would continue to buy the Product on "numerous occasions."

13

Therefore, the Court is persuaded that the Product's labeling is not materially misleading, and therefore will dismiss all of Civello's claims.

### IV.  ORDER

For the reasons stated above, it is hereby

**ORDERED** that the Motion (Dkt. No. 13) of defendant Conopco, Inc. to dismiss the Second Amended Complaint (Dkt. No. 10) of plaintiff Francine Civello, individually and on behalf of all others similarly situated, is **GRANTED**.

**SO ORDERED.**

Dated: New York, New York
       03 December 2021

_____
Victor Marrero
U.S.D.J.